COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


GUADALUPE FLORES

                                        MEMORANDUM OPINION[*]
v.    Record No. 0660-97-2                  PER CURIAM
                                        SEPTEMBER 16, 1997
RICHMOND DEPARTMENT
 OF SOCIAL SERVICES


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                    Melvin R. Hughes, Jr., Judge


            (Debora Cress Embrey, on briefs), for
            appellant.

            (Sandra L. Karison, Assistant City Attorney;
            Robert D. Jacobs, Guardian ad litem; City
            Attorney's Office, on brief), for appellee.


     Guadalupe Flores appeals the decision of the circuit court

terminating her residual parental rights to her four children.

Flores contends that the trial court erred by (1) finding that

the Richmond Department of Social Services (DSS) met its burden

to prove Flores was unable or unwilling to substantially remedy

the conditions which led to the children's foster care placement;

(2) terminating her parental rights to her fourteen-year-old

daughter without the daughter's express consent; (3) terminating

her parental rights without considering the wishes of her

children, who are above the age of reason; and (4) finding that

DSS met its duty to help Flores substantially remedy the

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

conditions that led to the children's placement and that Flores'
failure to meet that goal was without good cause.  Upon reviewing
the record and briefs of the parties, we conclude that this
appeal is without merit.  Accordingly, we summarily affirm the
decision of the trial court.  Rule 5A:27.

### Sufficiency of the Evidence

> Code § 16.1-283 embodies "the statutory
> scheme for the . . . termination of residual
> parental rights in this Commonwealth."  This
> "scheme provides detailed procedures designed
> to protect the rights of the parents and
> their child," balancing their interests while
> seeking to preserve the family.  However, we
> have consistently held that "the child's best
> interest is the paramount concern."

Lecky v. Reed, 20 Va. App. 306, 311, 456 S.E.2d 538, 540 (1995)
(citations omitted).  Under Code § 16.1-283(C)(2), a party's
parental rights may be terminated if the court finds, based upon
clear and convincing evidence, that termination is in the child's
best interests and that

> [t]he parent . . . , without good cause,
> [has] been unwilling or unable within a
> reasonable period not to exceed twelve months
> to remedy substantially the conditions which
> led to the child's foster care placement,
> notwithstanding the reasonable and
> appropriate efforts of social, medical,
> mental health or other rehabilitative
> agencies to such end.

Proof that a parent "failed, without good cause, to communicate
on a continuing or planned basis with the child for a period of
twelve months" or "without good cause . . . [has] been unable to
make reasonable progress towards the elimination of the

2

conditions which led to the child's foster care placement" in accordance with the foster care plan is _prima_ _facie_ evidence of the conditions set out in Code § 16.1-283(C)(2).  _See_ Code § 16.1-283(C)(3).

The trial court found that DSS had presented sufficient evidence to prove that Flores was "either [] unable or unwilling to substantially remedy the conditions which led to the children's placement in foster care."  The children were placed in foster care in September 1991 when Flores left them with their father, who claimed to be unable to care for them.  The children were demonstrably in need of services when they came into foster care.  DSS was familiar with the family, having provided services to them since 1989, and DSS received custody pursuant to emergency removal orders after filing petitions alleging neglect.  At the time of the hearing, the children were doing well in two foster homes.

Flores was provided with referrals for alcohol abuse programs and housing assistance.  She received transportation assistance, clothing, and money to help her apply for jobs. Flores did not maintain a stable address, and she completed alcohol rehabilitation treatment only after she was incarcerated.  Flores did not maintain consistent contact with the children, repeatedly missed visits, and was uncooperative with DSS workers.  After Flores relocated to Texas, she attempted on one occasion only to visit the children.

3

No evidence in the record indicates that Flores had obtained a stable address or a job or was prepared to provide a home for the children. Her problem with alcohol abuse continued. DSS established that it had provided Flores with a variety of services without success. Therefore, there was clear and convincing evidence that Flores was unable or unwilling to substantially remedy the conditions which led to the children's placement in foster care and that the termination of her parental rights was in the children's best interests.

### Consideration of Children's Wishes

Flores contends the trial court made its decision to terminate her parental rights without the oldest child's express consent and without considering the wishes of her other children. Code § 16.1-283(E) provides that "[n]otwithstanding any other provisions of this section, residual parental rights shall not be terminated if it is established that the child, if he is fourteen years of age or older or otherwise of an age of discretion as determined by the court, objects to such termination." The failure of a trial court to receive evidence concerning the wishes of a child who has reached the age of discretion can be grounds for reversal. See Hawks v. Dinwiddie Dep't of Soc. Servs., 24 Va. App. ___, ___, ___ S.E.2d ___, ___ (1997).

In this case, however, the record does not indicate that Flores preserved for appeal any objection related to the court's consideration of her children's wishes. We are limited to the

4

record presented to us. The written statement of facts noted that the guardian _ad_ _litem_ "spoke to all four children and all but the oldest wanted to continue seeing their mother." Flores did not specify an objection under Code § 16.1-283(E) on the order. No such objection was incorporated into the court's letter opinion or the written statement of facts. Therefore, we do not address these issues. Rule 5A:18.

### DSS Assistance

Flores contends that there was insufficient evidence to prove that DSS provided her with the necessary assistance to help her meet the goals set out in the foster care plan. On the contrary, the evidence indicated that DSS provided numerous services to Flores. The evidence does not establish that Flores' lack of success in meeting the goals set in the initial foster care plans, including obtaining treatment for alcohol abuse and maintaining consistent contact with the children, was attributable to a failure on the part of DSS to offer relevant assistance. As noted by the trial court, "it is not evident that [Flores] has ever done enough herself for herself to stabilize her situation for the sake of the children." The evidence supports the trial court's conclusion.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.